# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIPESH SINGLA, ETC., | Case No. |
| | CV 25-10660-JWH(E) |
| Plaintiff(s)/Petitioner(s) | |
| | **REPORT AND RECOMMENDATION ON** |
| v. | **REQUEST TO PROCEED** |
| | ***IN FORMA PAUPERIS*** |
| MICROSOFT CORPORATION, ET AL. | |
| Defendant(s)/Respondent(s) | CIVIL RIGHTS, HABEAS, AND SOCIAL SECURITY |

The Court has reviewed the Request to Proceed *In Forma Pauperis* and the documents submitted with it. On the question of indigency, the Court finds that Plaintiff/Petitioner:

☐ is not able to prepay the full filing fee.    ☑ is able to prepay the full filing fee.   ☐ did not submit a request.
☐ has not submitted enough information for the Court to determine if Plaintiff/Petitioner is able to prepay the full filing fee.

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

☑ Inadequate showing of indigency.
☐ Failure to authorize disbursements from prison trust account to pay the filing fees.
☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
☐ District Court lacks jurisdiction.
☐ The Clerk sent a warning letter to Plaintiff/Petitioner advising that failure to submit application to proceed IFP or pay the filing fee would result in dismissal of this case. More than 30 days have passed, and the deficiency has not been corrected.

☑ Frivolous, malicious, or fails to state a claim upon which relief may be granted.
☐ Seeks monetary relief from a defendant immune from such relief.
☑ Leave to amend would be futile.
☐ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. *See O'Neal v. Price,* 531 F.3d 1146 (9th Cir. 2008); 28 U.S.C. § 1915(g).
☑ As explained in the attached statement.
☐ The Court previously deferred ruling and gave Plaintiff/Petitioner 30 days to provide the missing and/or additional information, but either none was submitted timely or it was still insufficient.

☐ Other:

The parties are not entitled to file written objections to the Magistrate Judge's recommendation regarding the Request. *See Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998) (per curiam).  The Report and Recommendation will be sent to the District Judge for consideration.

Dated:    November 14, 2025

By: _____
HON.  CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

CV-73R 9/25          Report and Recommendation on Request to Proceed *In Forma Pauperis*
(Civil Rights, Habeas, and Social Security)

SINGLA v. MICROSOFT
CV 25-10660-JWH(E)
ATTACHMENT

According to the "Application to Proceed In Forma Pauperis," filed November 6, 2025, Plaintiff has an account containing $1,913.00.

Plaintiff, pro se, seeks to bring a class action against dozens of private entities. He may not do so.  A pro se litigant cannot "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4); see Smith v. Schwarzenegger, 393 Fed. App'x 518, 519 (9th Cir. 2010); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); Whitfield v. Sisto, 2007 WL 1302737, at *1 (E.D. Cal. May 2, 2007).

The Complaint's generalized allegations and collective references to "Defendants" fail to demonstrate plausibly that any of the many Defendants is liable under any of the referenced legal theories because of any of the thousands of job rejection notices Plaintiff alleges he has received.  See Fed. R. Civ. P. 8; Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009).  Moreover, a complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory. . . ."  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Bonnette v. Dick, 2020 WL 3412733, at *3 (E.D. Cal. June 22, 2020) (allegations insufficient where they "fail to adequately describe specific actions taken by each of the defendants named in the complaint"); Chevalier v. Ray and Joan Kroc Corps. Cmty. Ctr., 2012 WL 2088819, at *2 (N.D. Cal. June 8, 2012) (complaint that failed to "identify which wrongs were committed by which Defendant" insufficient).

Plaintiff's request for the appointment of counsel is denied.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).